UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRUS SHAFIGI,<br><br>　　　　　　Plaintiff,<br>　　v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV 08-5469-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /
/ / /
/ / /
/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 10, 11.)

[2] As stated in the Court's Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") sustained his burden of proof at step 5 of the sequential evaluation process, or whether the ALJ properly determined that Plaintiff can engaged in other types of substantial gainful work existing in the national economy;
2. Whether the ALJ properly assessed Plaintiff's residual functional capacity ("RFC") at step 4 of the sequential evaluation process;
3. Whether the ALJ properly determined Plaintiff met Listing 3.02(C)(2); and
4. Whether the ALJ properly evaluated Plaintiff's credibility.[3]

(JS at 4.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The

---

[3] Plaintiff argues that the ALJ erred by rejecting Plaintiff's testimony within his RFC claim. (JS at 15-16.) The Court will address the issue of Plaintiff's credibility separately.

Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## DISCUSSION

### A. The ALJ Failed to Sustain His Burden of Proof at Step 5 of the Sequential Evaluation.

Plaintiff contends that the ALJ erroneously determined that Plaintiff could perform other types of substantial gainful work existing in the national economy at step 5 of the sequential evaluation. (JS at 4-6.) Specifically, Plaintiff argues that the occupations identified by the vocational expert ("VE") conflict with Plaintiff's limitation from performing work at or above shoulder level. (Id.) Plaintiff also argues that the ALJ posed an incomplete hypothetical to the VE. (Id. at 5.)

### 1. Background.

Here, the ALJ assessed Plaintiff's RFC[4] as follows:

> The claimant has the following residual functional capacity: he can perform light work, or work involving lifting objects weighing up to 20 pounds occasionally and up to ten pounds frequently. He is further limited to no more than occasional postural changes and cannot perform work at or above shoulder level or engaged in heavy pushing and pulling with his upper extremities.

(Administrative Record ("AR") at 25.) Thus, Plaintiff is able to perform a limited range of light work.

---

[4] The Court notes that Plaintiff disputes the ALJ's RFC finding. (JS at 11-16.) The Court will discuss this contention below. See infra, Discussion Part III.B.

3

At the hearing, the ALJ and Plaintiff's attorney engaged in the following discussion with the VE:

> ALJ: [Assume Plaintiff to be] capable of performing light work with mild pain, which would include the ability to stand or walk six hours out of eight hours, sit six hours out of eight hours, and occasionally climb, balance, stoop, kneel, crouch and crawl . . . . And there should be no repetitive, overhead reaching or push/pull. So would there be entry level work he could perform? If so, what would the number of the jobs be?
>
> VE: Yes, there would be jobs. And a person with that vocational profile would be able to perform jobs such as ticket taker - - 211.467-030 . . . SVP two, light . . . . And there's approximately . . . 4,000 jobs in L.A., Orange and Riverside counties and 80,000 nationally. Could work as an [sic] cashier - - 211.462-010 - - SVP two, light. 44,000 jobs locally. 1,600,000 nationally. Could work as a storage facility clerk - - 295.367-026 - - SVP two, light. 6,700 jobs locally and 128,000 nationally.
>
> ALJ: And how about sedentary jobs?
>
> VE: Would be able to perform the full range of sedentary unskilled employment. And that would include jobs such as order clerk - - 209.567-014 - - 2,000 - - that's an SVP two, sedentary. 2,000 jobs locally. 20,000 nationally. Call out operator - - 237.637-014 - - SVP two, sedentary. 1,500 locally. 14,000 nationally. . . .
>
> Plaintiff's Attorney: Of the jobs that you mentioned, what are the physical requirements of those jobs?
>
> VE: Well, the light ones require - - really match the hypothetical - - the ability to stand and walk six to eight hours of a day. Some of them require occasional climbing, bending, and stooping - - some did not.

And there's no overhead reaching required.  The sedentary ones are sedentary - - sitting . . . six of eight hours a day, lifting no more than 10 pounds.

(Id. at 51-53.)

### 2. Applicable Law.

"In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)).  Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist.  See, e.g., Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).  As a result, an ALJ must propose a hypothetical that is based on medical assumptions, supported by substantial evidence in the record, that reflects the claimant's limitations.  Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

### 3. Analysis.

Here, the ALJ posed a hypothetical to the VE including a limitation, inter alia, for "no repetitive, overhead reaching or push/pull." (AR at 51.)  In the decision, the ALJ restricts Plaintiff from all "work at or above shoulder level." (Id. at 25.)  While the hypothetical includes work above shoulder level, it fails to account for work at shoulder level.  As a result, the ALJ posed an incomplete hypothetical to the VE.  Moreover, the jobs identified by the vocational expert all require frequent or occasional reaching.  There is no indication whether the

1 reaching includes at or above shoulder level reaching.

2     Based on the foregoing, the Court finds that the ALJ committed legal error
3 by failing to pose a complete hypothetical to the VE to include a limitation for
4 work at shoulder level.  The Court also finds that the ALJ failed to resolve an
5 apparent conflict between the jobs identified by the VE and the Plaintiff's RFC.
6 On remand, the ALJ will have an opportunity to address these issues again and
7 should consider these issues in determining the merits of Plaintiff's case.

8 **B.**     **The ALJ's Residual Functional Capacity Determination is Supported**
9     **by Substantial Evidence.**

10     Plaintiff contends that the ALJ erred by failing to consider all the relevant
11 evidence in determining Plaintiff's RFC.  (JS at 11-16.)[5]

12     **1.**     **Applicable Law.**

13     In determining a plaintiff's RFC, an ALJ must consider all relevant
14 evidence in the record, including medical records, lay evidence, and the effects of
15 symptoms, including pain, that are reasonably attributed to a medically
16 determinable impairment.  Robbins v. Social Security, 466 F.3d 880, 883 (9th Cir.
17 2006) (citations omitted).  Careful consideration should be given to any evidence
18 about symptoms because subjective descriptions may indicate more severe
19 limitations or restrictions than can be shown by medical evidence alone.  Id.

20     **2.**     **Analysis.**

21     As stated above, the ALJ found that Plaintiff has the RFC to perform light

---

[5] Plaintiff also argues that the ALJ failed to account for Plaintiff's inability to stay awake in the RFC finding. (JS at 13.) Plaintiff testified he fell asleep two or three times per day for thirty to forty-five minutes. (AR at 53-54.) At the hearing, the VE testified that an individual with this sleep limitation would be unable to perform the jobs set forth at the hearing. (Id. at 54.) The ALJ, however, did not find Plaintiff's testimony credible, and thus, the ALJ did not include this limitation in the RFC finding. (Id. at 22-25); see infra, Discussion Part III.D. Thus, Plaintiff's argument is without merit.

work, "limited to no more than occasional postural changes and cannot perform work at or above shoulder level or engaged in heavy pushing and pulling with his upper extremities." (AR at 25.)

Here, in determining Plaintiff's RFC, the ALJ considered all of the evidence, including statements and findings of the treating and examining physicians, consultative physicians, and other medical consultants. (Id. at 21-25.) The Court agrees with the Commissioner that the ALJ relied upon findings from medical sources, all essentially in agreement regarding Plaintiff's functional limitations. (JS at 7; AR at 21-22, 269-70, 307, 310-11, 335-37, 391-443, 483-84.) Moreover, the ALJ also found Plaintiff's allegations of total disability and subjective pain symptoms not entirely credible, in support of the RFC assessment. See infra, Discussion Part III.D. Based on the foregoing, the Court finds no error in the ALJ's finding that Plaintiff was capable of performing a limited range of light exertional work.

**C.     The ALJ Did Not Err in Finding that Plaintiff's Condition Did Not Meet or Equal Any Listing.**

Plaintiff claims that the ALJ erred by failing to determine that his impairments equaled a listing. (JS at 12.) The Court disagrees.

**1.     Applicable Law.**

At the third step of the sequential analysis, the ALJ must determine whether a claimant's impairment meets or equals an impairment listed in the "Listing of Impairments" ("Listings"). See 20 C.F.R. Part 404, Subpt. P, App. 1; see also Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). The Listings set forth certain impairments which are presumed to be of sufficient severity to prevent the performance of work. See C.F.R. §§ 404.1525(a), 416.925(a). If a claimant has an impairment which meets or equals a listed impairment, disability is presumed, and benefits are awarded. See 20 C.F.R.

1  §§ 404.1520(d), 416.920(d); Barker v. Sec'y of Health & Human Servs., 882 F.2d
2  1474, 1477 (9th Cir. 1989).  An impairment "meets" a listed impairment if it is in
3  the Listings.  See 20 C.F.R. §§ 404.1520(d), 416.920(d)
4  　　　　The claimant has the burden of proving disability, including disability based
5  on the Listing.  Roberts, 66 F.3d at 182; Vick v. Comm'r of Soc. Sec. Admin., 57
6  F. Supp. 2d 1077, 1087 (D. Or. 1999).  The mere diagnosis of a listed condition
7  does not establish that a claimant "meets" the Listings.  Young v. Sullivan, 911
8  F.2d 180, 183-84 (9th Cir. 1990).  "For a claimant to show that his impairment
9  matches a listing, it must meet all of the specified medical criteria.  An impairment
10 that manifests only some of those criteria, no matter how severely, does not
11 qualify."  Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 107 L. Ed. 2d 967
12 (1990); see also 20 C.F.R. § 404.1525(d).  Thus, the ALJ must find that the
13 claimant has an impairment which corresponds in diagnosis, severity, and duration
14 to a listed impairment.
15 　　　　**2.**　　**Analysis.**
16 　　　　Here, Plaintiff contends that his medically determinable impairment met
17 Listing 3.02(C)(2).  (JS at 12.)  Plaintiff identifies two instances, March 26 and 28,
18 2004, where Plaintiff's oxygen levels indicated a decrease in lung capacity and
19 met the requirements of Listing 3.02(C)(2).  (Id.)  On March 26, 2004, Plaintiff
20 received a "Blood Gas Report," where his "partial pressure of carbon dioxide"
21 ("$PCO_2$") measured at 38.1 mm. Hg, and his "partial pressure of oxygen" ("$PO_2$")
22 measured at 50 mm. Hg.  (AR at 254); see also 20 C.F.R. Subpt. P, App.1,
23 3.00(F)(4).  On March 28, 2004, Plaintiff received another "Blood Gas Report,"
24 where his $PCO_2$ measured at 48.8 mm. Hg, and his $PO_2$ measured at 46.3.  (Id. at
25 252.)
26 　　　　Listing 3.02(C)(2) provides that a person meets the criteria for this section if
27 the medical evidence shows as follows:
28 　　　　Arterial blood gas values of $PO_2$ and simultaneously determined $PCO_2$

measured while at rest (breathing room air, awake and sitting or standing) in a clinically stable condition on at least two occasions, three or more weeks apart within a 6-month period, equal to or less than the values specified in the applicable table III-A or III-B or III-C.

20 C.F.R. Subpt. P, App.1, 3.02(C)(2).

The tables associated with this Listing indicate that an individual, with findings occurring "at least two occasions, three or more weeks apart within a 6-month period" would meet the requirements of Listing 3.02(C)(2) in at least these two instances: (i) a PCO2 measurement of 40 mm. Hg or above with a simultaneous PO2 measurement of 55 mm. Hg or less; or (ii) with a PCO2 measurement of 38 mm. Hg with a simultaneous PO2 measurement of 57 mm. Hg. or less. Id. While Plaintiff meets the listings as to the PC02 and P02 measurements, Plaintiff fails to meet the duration requirement specified in the Listing in that the examinations are only two days apart, rather than at least three weeks apart in a six-month period. Thus, Plaintiff does not meet Listing 3.02(C)(2).

Based on the foregoing, the Court finds that the ALJ relied on substantial evidence to determine that Plaintiff did not meet or equal Listing 3.02(C)(2).[6] Thus, there was no error.

**D.    The ALJ Properly Evaluated Plaintiff's Credibility.**

Plaintiff contends the ALJ erroneously assessed Plaintiff's credibility by failing to provide clear and convincing reasons for rejecting his subjective symptoms. (JS at 11-16.) The Court disagrees.

---

[6] Plaintiff also argues that additional tests indicating "some decrease in lung capacity," but with no reported oxygen and carbon dioxide findings, viewed in conjunction with the March 26 and 28, 2004 findings, are consistent with meeting Listing 3.02(C)(2). (JS at 12.) However, Plaintiff fails to provide any authority to support this contention. See Roberts, 66 F.3d at 182; see also Vick, 57 F. Supp. 2d at 1087.

9

1. **Applicable Law.**

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell, 947 F.2d at 343.

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians

and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d at 1284.

Social Security Ruling ("SSR") 96-7p further provides factors that may be considered to determine a claimant's credibility such as: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain and other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

### 2. **Analysis.**

Plaintiff contends the ALJ failed to provide clear and convincing reasons to reject Plaintiff's subjective symptoms primarily related to sleep apnea. (JS at 11-16.) In the decision, the ALJ stated Plaintiff received no treatment for sleep apnea after 2002, and required no long-term oxygen use. (AR at 23.) Plaintiff, however, argues that the record evidences several instances of treatment and disabling symptoms after 2002. (JS at 11-16.) Plaintiff also argues that his blood gas readings have failed to return to normal, presumably to support a disabling pulmonary condition. (Id.)

At the hearing, Plaintiff testified, inter alia, that he suffered primarily from sleep apnea, and pain in his right shoulder, back, and left thigh. (AR at 21, 41-44.) In the decision, the ALJ rejected Plaintiff's testimony regarding her subjective complaints for several reasons, including the following: (i) discrepancies between Plaintiff's testimony and complaints to his physicians; (ii) the lack of recent or

11

ongoing treatment for sleep apnea; (iii) overall conservative treatment for Plaintiff's disabling complaints; and (iv) other evidence related to his functional limitations. (Id. at 22-23.)

Relying upon Plaintiff's own description of his physical limitations in his disability application and throughout the record, the ALJ found Plaintiff not be a credible witness and discredited the severity of his subjective complaints. (Id.) In his disability application, Plaintiff stated that he is unable to bathe or put socks on without assistance, unable to do chores, yard work, watch television, or drive due to his injuries and inability to stand or sit for extended periods, requires a cane to walk, and uses a CPAP system to sleep due to his sleep apnea. (Id. at 105-12.) However, the ALJ discredited Plaintiff's complaints as follows:

> [Plaintiff] has not been observed to use a cane in his examinations. The claimant alleges a very limited lifestyle in his disability application, but told his treating orthopedist that he has pain with *prolonged* use of his upper extremities, *repetitive* postural changes, heavy lifting, and *prolonged* walking and upper extremities, *repetitive* postural changes, heavy lifting, and *prolonged* walking and standing. The claimant described his capacity quite differently in the two settings, and this inconsistency damages his credibility.

(Id. at 22-23 (citations omitted).) The record supports the ALJ's finding. (Id. at 105-12, 262); see also Thomas, 278 F.3d 958-59; Smolen, 80 F.3d at 1284; SSR 96-7p.

Next, the ALJ discounted Plaintiff's credibility by relying on the lack of ongoing treatment for sleep apnea, and conservative treatment for Plaintiff's conditions. (AR at 23.) The ALJ stated:

> The claimant states that his sleep apnea is his biggest problem, however, he has not seen a doctor for treatment of this problem since 2002. It seems reasonable that if it truly continued to be a debilitating

|   |   |
|---|---|
| 1 | problem, he would have sought treatment for it within the last four |
| 2 | years . . . . |
| 3 | The claimant takes maintenance medications for his asthma, |
| 4 | allergies, diabetes, and hypertension, but does not have any medication |
| 5 | for pain or sleep. This would indicate that the claimant's levels of pain |
| 6 | and sleep are really not so very bothersome . . . . |
| 7 | The claimant has not had any referral for surgery, acupuncture, |
| 8 | chiropractic treatments, long-term oxygen use, talk therapy for sleep |
| 9 | problem, or other aggressive treatment modalities. If the claimant's |
| 10 | doctors believed the claimant to be debilitated by his problems, surely |
| 11 | they would have pursued more aggressive treatments. |

(Id. (citations omitted).) The record supports the ALJ's finding. Contrary to Plaintiff's contentions, there is no evidence of recent treatment for sleep apnea, beyond the use of a CPAP machine for assistance with sleeping. (AR at 197-98, 350-85.) During his treatment for sleep apnea, the ALJ noted that it was monitored with a CPAP machine and appeared to alleviate Plaintiff's difficulty sleeping. (Id. at 197-98, 350-85, 415.) Notably, there is no medical evidence suggesting that Plaintiff was functionally limited due to the severity, if any, of his sleep apnea. (Id. at 268-71, 346.) There is also no evidence that Plaintiff is taking any medication for his sleep apnea, such as a sleep aid. (Id. at 149.) Moreover, Plaintiff only received conservative treatment for his sleep apnea and other complaints, as indicated by the ALJ. (Id. at 23.) Accordingly, the ALJ properly discounted Plaintiff's credibility based upon Plaintiff's overall conservative treatment, and lack of ongoing treatment for sleep apnea and other subjective complaints. See Thomas, 278 F.3d at 958-59; see also Smolen, 80 F.3d at 1284;

SSR 96-7p.[7]

Finally, the ALJ based his adverse credibility determination upon other evidence in the record to concerning Plaintiff's functional limitations and restrictions due to subjective symptoms. (AR at 23.) The ALJ provided:

> The claimant stated that he recovered fully from his automobile accident of December, 2004 and returned to truck driving. There has been no intervening event between when he returned to work and when he quit that might explain why or how his condition allegedly deteriorated. The record does not reflect an increase in frequency or aggressiveness of treatment from the time the claimant worked and when he alleges he became disabled.

(Id. (citations omitted).) The record substantiates the ALJ's finding, as Plaintiff stated he recovered fully after his accident, and the record does not support any major physical deterioration. (AR at 104.) While Plaintiff appears to argue the automobile accident was related to his sleep apnea, there is nothing in the record to support this contention. Thus, the ALJ properly discounted Plaintiff's credibility. SSR 96-7p.

Based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's testimony regarding his subjective symptoms. Thus, there was no error.

**E.     This Case Should Be Remanded for Further Administrative Proceedings.**

The law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

---

[7] Plaintiff also argues that he suffered from a pulmonary condition, which equaled Listing 3.02(C)(2). (JS at 11-16.) The Court has already addressed this issue and rejected Plaintiff's contention. See supra, Discussion Part III.C.

Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, <u>Kornock v. Harris</u>, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits. <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985). Here, the Court concludes that further administrative proceedings would serve a useful purpose and remedy the administrative defects discussed herein.

## IV.
## **ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: November 23, 2009

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge